UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles Hugh GRIMSLEY, Jr.,
Defendant-Appellant.

No. 27764
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 4, 1969.

Thomas M. Haas, Mobile, Ala., for defendant-appellant.

Charles S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), and Huth v. Southern Pacific Company, 417 F.2d 526 [Oct. 7, 1969].

In the trial, before the taking of evidence commenced, the District Judge described the roles of counsel in making objections and the trial judge in ruling thereon. In the process the court said this as to the function of the court reporter:

This young man seated over here between you and I writes down everything that I say concerning every rule and if the occasion should present itself, then the injured party would have an opportunity to have—and if it is necessary because of the nature of the verdict—some other court at some other time could review my rulings as to whether or not they were correct or not.

Comments which tend to shift the jury's responsibility to another tribunal are inappropriate. United States v. Fiorito, 300 F.2d 424 (7th Cir. 1962); Holt v. State, 2 Ga.App. 383, 58 S.E. 511 (1907). But this particular remark was directed to review of the judge's own rulings. While it might have been better that it not be made it was in no sense reversible error. United States v. Fiorito, 300 F.2d 424 (7th Cir. 1962), relied upon by appellant, has no application. In that case the trial judge referred to the appellate court's reversing him if he was wrong.

But he did so as part of a long rambling and ambiguous discourse, at the beginning of his oral charge, which contained references that conflicted with the substantive parts of the charge.

Affirmed.